UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEVOROUS HENDRICKS,
   Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
   Respondent.

Case No. 1:12-cv-213

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. (Doc. 1). This matter is before the Court on respondent's motion filed May 10, 2012, to dismiss the petition without prejudice based on petitioner's failure to exhaust five of his claims for relief, which were raised in or were related to state post-conviction proceedings that had "not been finally resolved" because petitioner's appeal from the denial of his post-conviction petition was still pending at that time before the Ohio Court of Appeals, First Appellate District. (*See* Doc. 6). Also pending before the Court for ruling is petitioner's motion filed on May 15, 2012, in response to respondent's motion to dismiss, requesting that the matter be stayed pending his exhaustion of the pending state post-conviction appeal rather than dismissed without prejudice. (Doc. 7). Respondent has filed a brief opposing petitioner's motion for stay of the case. (Doc. 8).

At this juncture, it appears that both respondent's motion to dismiss and petitioner's motion for stay (Docs. 6, 7) are moot. Upon review of the Hamilton County Clerk of Courts' on-line docket records, it appears that the Ohio Court of Appeals issued a Judgment Entry on July

18, 2012, in the pending appeal affirming the trial court's denial of petitioner's state post-conviction petition. See State v. Hendricks, Appeal No. C 1100771 (docket sheet), http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=C1100771.[1] On further review of the on-line docket records maintained by the Clerk of the Ohio Supreme Court, it appears that the petitioner did not pursue a further appeal to the state's highest court from the July 18, 2012 ruling. Because it thus appears that petitioner has exhausted all of his available state court remedies, respondent's motion to dismiss (Doc. 6) and petitioner's motion for stay (Doc. 7) are moot, and this action may proceed.

IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to dismiss (Doc. 6) and petitioner's motion for stay (Doc. 7) be **DENIED** as moot.

IT IS THEREFORE ORDERED THAT:

In accordance with this Court's Order of March 14, 2012 (Doc. 2), respondent shall within forty (40) days from the issuance of this Order and Report and Recommendation file a return of writ responding to the allegations of petitioner's habeas corpus petition, including as exhibits any pleadings, transcripts, and court decisions filed in the underlying state-court proceedings that were not included as exhibits to respondent's motion to dismiss and are relevant to the disposition of petitioner's claims for federal habeas corpus relief.

Date: 1/15/13

Karen L. Litkovitz
United States Magistrate Judge

---

[1] It is noted that this Court may take judicial notice of court records that are available online to members of the public. See Lynch v. Leis, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing Lyons v. Stovall, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEVOROUS HENDRICKS,
    Petitioner,

vs

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
    Respondent.

Case No. 1:12-cv-213

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

cbc