UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DEVOROUS HENDRICKS,<br>    Petitioner, | Case No. 1:12-cv-213 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

This habeas corpus action is before the Court on petitioner's pro se motions to reopen the time to appeal, motion for leave to appeal *in forma pauperis*, motion for court documents, and motion to compel. (Docs. 31, 32, 34, 35).

On July 23, 2014, the Court denied petitioner's petition for a writ of habeas corpus. (Doc. 22). Petitioner subsequently filed a notice of delayed appeal, motion for a certificate of appealability, and motion for leave to appeal *in forma pauperis*, which were denied by this Court. (Docs. 25, 26, 27, 30). The United States Court of Appeals for the Sixth Circuit dismissed petitioner's appeal on December 18, 2015, finding that petitioner's notice of appeal was filed in excess of the time authorized by the Federal Rules of Appellate Procedure. (Doc. 29).

More than five years later, petitioner has filed motions to reopen the time to appeal, motion for leave to appeal *in forma pauperis*, motion for court documents, and motion to compel.[1] (Doc. 31, 32, 34, 35). On June 22, 2021, the Sixth Circuit Court of Appeals dismissed petitioner's appeal for lack of jurisdiction. (Doc. 38). In doing so, the Sixth Circuit ruled that petitioner's failure to file a timely appeal deprived it of jurisdiction and the statutory provisions

---

[1] Petitioner indicates that his motion for court documents is "for appeal purposes." (Doc. 34 at PageID 1927). The motion to compel requests that the Court order the Clerk of Court to send him the Court's July 23, 2014 Order and Judgment denying his habeas corpus petition. (Doc. 35).

permitting this Court to extend or reopen the time to file a notice of appeal are inapplicable in the circumstances of this case:

> "Every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . ." *Alston v. Advanced Brands & Importing Co.*, 494 F.3d 562, 564 (6th Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)). Generally, in a civil case where the United States, a United States agency, or a United States officer or employee is not a party, a notice of appeal must be filed within thirty days after the judgment or order appealed from is entered. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).
>
> On July 23, 2014, the district court entered a judgment denying Devorous Hendricks's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Any notice of appeal from the judgment was due to be filed on or before August 22, 2014. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 26(a). But Hendricks did not file his notice of appeal until May 21, 2021.
>
> Hendricks's failure to file a timely notice of appeal deprives this court of jurisdiction. Compliance with the statutory deadline in § 2107(a) is a jurisdictional prerequisite that this court may not waive. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The statutory provisions permitting the district court to extend or reopen the time to file a notice of appeal do not apply here. *See* 28 U.S.C. § 2107(c).
>
> Accordingly, the appeal is **DISMISSED** for lack of jurisdiction

(Doc. 38).

Because the Sixth Circuit Court of Appeals has already dismissed petitioner's appeal for lack of jurisdiction and found that this Court cannot extend or reopen the time to file a notice of appeal under the applicable statutory provisions, petitioner's motions (Docs. 31, 32, 34, 35) should be **DENIED.**

**IT IS SO RECOMMENDED.**

Date: 9/2/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEVOROUS HENDRICKS,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-213

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).